# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM STANSBURY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01043-DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 9)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Order**

Plaintiff Kareem Stansbury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) which provides a remedy for civil rights violations against federal actors. Plaintiff initiated this action by filing his complaint on June 15, 2009. (Doc. 1.) On November 2, 2009, the Court dismissed the complaint for failure to state a claim upon which relief may be granted. (Doc. 8.) On November 12, 2009, Plaintiff filed his amended civil rights complaint. (Doc. 9.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

1 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
2 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
3 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
4 1915(e)(2)(B)(ii).

5    A complaint must contain "a short and plain statement of the claim showing that the
6 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
7 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
9 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must
10 set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
11 face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations
12 are accepted as true, legal conclusions are not.  *Id.*

13 **II.**  **<u>Summary of Plaintiff's Amended Complaint And Analysis</u>**

14    Plaintiff is currently incarcerated at Federal Correction Institution - Victorville.  Plaintiff
15 was formerly incarcerated at United States Penitentiary - Atwater ("USP-Atwater") in Atwater,
16 California, where the events giving rise to this action allegedly occurred.  Plaintiff names as
17 defendants: correctional officers D. Cruz, J. Pino, P. Lehman, and D. Horstmeier; lieutenant S.
18 Putnam; and associate warden D. Shinn.

19    Plaintiff alleges the following.  From September 1 through September 4 of 2008,
20 defendants Cruz, Horstmeier, Lehman, and Pino refused to give Plaintiff his dinner meal,
21 personal hygiene items, and would not let Plaintiff send out his laundry to be cleaned.  On
22 September 2, Plaintiff contacted defendant Shinn, who assured Plaintiff that he would receive his
23 food and other items, but that did not occur.  On September 5, defendant Cruz informed Plaintiff
24 that the only way he was going to eat was if he took a cell mate.  Defendant Putnam had told
25 defendant Cruz to not open Plaintiff's food trap to feed him.  Plaintiff took the cell mate.
26 Plaintiff seeks monetary damages and a restraining order.

27    Plaintiff alleges a violation of the Eighth Amendment.  To constitute cruel and unusual
28 punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton

and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *see Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. *Id.* at 837; *Johnson*, 217 F.3d at 734.[1]

Here, Plaintiff alleges that he was deprived of dinner, personal hygiene items, and laundry services for four days. The Eighth Amendment requires that prisoners receive food that is adequate to maintain health. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Further, indigent inmates have the right to personal hygiene supplies, such as toothbrushes and soap. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). However, Plaintiff's amended complaint fails to state any cognizable federal claims. Plaintiff has not alleged a sufficiently serious deprivation. Deprivation of personal hygiene items, laundry service, and dinner over four days does not rise to the level of a deprivation that satisfies the objective prong of deliberate indifference in violation of the Eighth Amendment. *Farmer*, 511 U.S. at 834. Plaintiff fails to allege that the deprivation of four dinners, or of personal hygiene

---

[1] Actions under § 1983 and under *Bivens* are generally identical save for the replacement of a state actor under § 1983 with a federal actor under *Bivens*. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

supplies and laundry for four days, was so serious that it was inadequate to maintain his health. Plaintiff's conclusory statements that Defendants acted with deliberate indifference are insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.

Plaintiff also alleges a violation of due process under the Fifth Amendment. Plaintiff contends that defendants denied him due process when they deprived him of his Eighth Amendment rights. Plaintiff has not identified the existence of any protected interest entitling him to procedural protections under the Due Process Clause. *Wilkinson v. Austin*, 549 U.S. 109, 221-23 (2005); *Davis v. Passman*, 442 U.S. 228, 234 (1979). Furthermore, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 841-42 (1998). Plaintiff's claims are explicitly addressed by the Eighth Amendment, not the Due Process Clause. Plaintiff's due process claim is thus denied.

## III.     Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1)     This action is dismissed with prejudice for failure to state any cognizable federal claims; and

2)     This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:     **May 19, 2010**                    /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE